

**morelli
alters
ratner**

**LAW FIRM**

January 9, 2015

**VIA EFILE:**
The Honorable Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

<u>Re: Yonatan Weiss v. NYG Capital LLC, et al.</u>
<u>Docket No.: 14 Civ. 8743 (PGG)</u>

Dear Judge Gardephe:

This letter constitutes Plaintiff Yonatan Weiss's response to Defendants' January 6, 2015 correspondence concerning Defendants' proposed Motion to Dismiss.   As set forth below, Defendants' request for permission to file a Motion to Dismiss should be denied.

### 1. <u>As Single or Joint Employers, NYGG and FNL Media Had The Requisite Number of Employees for Subject Matter Jurisdiction under Title VII</u>

First, Plaintiff's Complaint sufficiently alleges that during Mr. Weiss's employment Defendants acted as Plaintiff's single or joint employer.   Accordingly, Defendants employed the requisite number of individuals under Title VII.

Plaintiff named both "NYGG Capital LLC d/b/a New York Global Group" ("NYGG") and "FNL Media LLC" as Defendants in his Complaint because NYGG and FNL Media effectively operated as a single or joint enterprise.   With Wey at the helm, NYGG and FNL Media shared offices, management, ownership and interrelated operations at their Wall Street corporate headquarters.   (*See* Ex. A., Weiss Complaint at par. 2-5, 7-13.  *See also,* Ex. B, December 16, 2014 <u>Bouveng v. NYG Capital LLC, et al</u> Hearing Transcript ("Bouveng Hearing"), Weiss Testimony at 11:18-25, 12:1-7, 14:10-14, 18:13-23, 19:8-21; Ex. C., Bouveng Amended Complaint at par. 2, 5, 7-10, 13-15.)

Indeed, Mr. Weiss alleges that during his employment he performed tasks for both NYGG

Reply To:

**Morelli Alters Ratner, LLP**
**New York City**
777 Third Avenue
31ˢᵗ Floor
New York, New York 10017
Tel: (212) 751-9800
Fax: (212) 751-0046
Toll Free: (877) 751-9800

**Morelli Alters Ratner, P.A.**
**Miami Design District**
4141 Northeast 2nd Avenue
Suite 201
Miami, Florida 33137
Tel: (305) 571-8550
Fax: (305) 571-8558

1

**www.morellialters.com**

and FNL Media, and regularly worked with employees from both entities.   (*See* Ex. A., Weiss Complaint at par. 8, 23.)

Similarly, Plaintiff's co-worker Hanna Bouveng (along with other co-workers and executives) performed tasks for both entities.   (*See* Ex. A., Weiss Complaint at par. 23; Ex. B, Bouveng Hearing, Weiss Testimony at 11:14-15, 14:10-14, 17:6-11, 19:8-21, Bouveng Testimony at 275:8-14; Ex. C., Bouveng Amended Complaint at par. 8, 31, 33.)

Accordingly, Plaintiff alleges that Defendants employed far more individuals than Title VII's requisite 15 employees.   In addition to the individuals employed at Defendants' Manhattan headquarters1, Plaintiff alleges that NYGG employed approximately 110 people globally, including approximately 51 people throughout the United States.   (*See* Ex. A., Weiss Complaint at par. 4.)

Moreover, at the December 16, 2014 <u>Bouveng</u> hearing, Wey admitted that FNL Media also employs "researchers and a team of investigators" in China.   (Ex. B, Bouveng Hearing, Wey Testimony at 243:15-244:7.)   Mr. Weiss further testified that TheBlot employed "a team" of staff writers outside Defendants' New York office.   (Ex. B, Bouveng Hearing, Weiss Testimony at 14:6-8.)

There are two exceptions to the rule that an employee can only bring an employment discrimination action against her direct employer.   First, where two entities are deemed part of a single integrated enterprise, both entities are "subject to joint liability for employment-related acts."   <u>Laurin v. Pokoik</u>, 2004 WL 513999 at 4 (SDNY 2004); <u>Brown v. Daikin Am. Inc.</u>, 756 F.3d 219, 227 (2d Cir. 2014) (*employee sufficiently alleged that the single employer doctrine applied to hold parent corporation liable for any violation of Title VII and NYSHRL committed by subsidiary*); <u>St. Jean v. Orient-Express Hotels Inc.</u>, 963 F.Supp.2d 301, 307 (SDNY 2013) (*employee sufficiently alleged that US corporation and Dutch corporation were single employer for purposes of Title VII.*)   In essence, the Court must consider whether "an employee, formally employed by one entity, has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity."   <u>Arculeo v. On–Site Sales & Mktg., L.L.C.</u>, 425 F.3d 193, 198 (2d Cir. 2005.)   Significantly, "whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss."   <u>Brown</u>, <u>supra</u>, 756 F.3d at 227.

Under the four-part "single-employer" test, a parent and subsidiary can both be liable as a single, integrated enterprise where there exists: (1) interrelated operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control."   <u>Cook v. Arrowsmith Shelburne, Inc.</u>, 69 F.3d 1235, 1240 (2d Cir. 1995) (*summary judgment of Title VII gender discrimination claim denied where material facts suggested parent company could be considered employer of subsidiary's employees under Title VII.*)   "Although no one factor is determinative ... control of labor relations is the central concern."   <u>Murray v. Miner</u>, 74 F.3d 402, 404 (2d Cir.1996) (*citations omitted.*)   In other words, the doctrine imposes responsibility "on an entity that shares decision making authority with the employing entity."   <u>Id.</u>

---

1 At the <u>Bouveng</u> hearing, Yonatan Weiss testified that NYGG employed six individuals and FNL Media employed three individuals in its Manhattan office at the time of his termination.   (Ex. B, Bouveng Hearing, Weiss Testimony at 18:8-23.)

Second, liability may be found when separate legal business entities have chosen to handle certain aspects of their employer-employee relationships jointly.  St. Jean., *supra*, 963 F. Supp. 2d at 307 (*employee sufficiently alleged defendant was her joint employer.*)  Two entities are liable as joint employers where "an employee, formally employed by one entity… has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity."  Id.

The Second Circuit applies two tests to determine whether two entities may be held liable as joint employers under Title VII.  The "economic realities" test is "based on the circumstances of the whole activity to determine whether independent entities function as a joint employer."  Id.  The second test is whether "there is sufficient evidence that the defendant had immediate control over the formal employer's employees."  Id. at 307-08.  "Relevant factors may include commonality of hiring, firing, discipline, pay, insurance, records, and supervision."  Id.

Accordingly, in Westphal v. Catch Ball Products Corp., 953 F. Supp. 475 (SDNY 1997), three separate entities were held sufficiently interrelated to constitute a single employer, and thus the employees of all three entities were counted as employees for purposes of Title VII jurisdiction.  *See also* Brown v. Daikin America Inc., 756 F.3d 219, 227 (2d Cir. 2014)(employee of the American subsidiary of Japanese parent company sufficiently alleged that single employer doctrine applied to hold parent corporation liable for any violation of Title VII committed by subsidiary.)  So too at bar.

Mr. Weiss has sufficiently alleged that NYGG and FNL Media was his single or joint employer and that Defendants therefore had the requisite number of employees for purposes of subject matter jurisdiction under Title VII.   Accordingly, Defendant's proposed Motion to Dismiss should be denied at the outset.   At the very least, further discovery is warranted.

## 2.  **Plaintiff Has A Viable Retaliation Claim Since Yonatan Weiss Engaged in Protected Activity When He Corroborated Hanna Bouveng's Sexual Harassment Allegations**

Second, Plaintiff's Complaint sufficiently alleges that Mr. Weiss engaged in protected activity when he corroborated Hanna Bouveng's sexual harassment allegations, and therefore sets forth a viable retaliation claim.

Plaintiff alleges that during Defendants' investigation of his former co-worker Hanna Bouveng's sexual harassment complaint, he was questioned by Defendant Wey as well as Defendants' lawyers.  (*See* Ex. A., Weiss Complaint at par. 17, 33-35; Ex. B, Bouveng Hearing, Weiss Testimony at 27:10- 28:10.)

Indeed, Mr. Weiss testified that prior to meeting with Defendants' lawyers, Wey summoned him to a one-on-one meeting and informed him that Ms. Bouveng was "trying to extort money out of him."  (Ex. B, Bouveng Hearing, Weiss Testimony at 29:6-9, 15-22.  *See also* Ex. A., Weiss Complaint at par. 33.)

Plaintiff further alleges that he corroborated Ms. Bouveng's sexual harassment

allegations, and disputed Wey's claims that Ms. Bouveng was fired for cause.   (*See* Ex. A., Weiss Complaint at par. 17, 34-35.)

Indeed, at the December 16 Bouveng Hearing, Mr. Weiss testified:

> A. [T]he lawyers made it clear that Hanna was attempting to bring a sexual harassment case against Mr. Wey, and they were – started to ask me if I had observed any uncouth behavior on Mr. Wey's part towards Hanna.
>
> Q. What did you tell them?
>
> A. … I told them that, yes, I had observed some strange and inappropriate behavior.
>
> Q. And without going into the specific details of what you told them, would you characterize that behavior as sexual harassment?
>
> A. Yes.

(Ex. B, Bouveng Hearing, Weiss Testimony at 30:6-10, 12-17.)

Mr. Weiss alleges that he was fired by Wey in retaliation for the same.   (Ex. A., Weiss Complaint at par. 39-41.)

Plaintiff's Complaint sufficiently alleges that Mr. Weiss engaged in protected activity prior to his termination.   Protected activities under Title VII include "making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and *expressing support of co-workers who have filed formal charges.*"   Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990) (*emphasis added.*)   *See also* Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 175 (2d Cir. 2005) ("*we conclude that Congress intended the anti-retaliation clause to protect a volunteer witness poised to testify in support of a co-worker's discrimination claims*"); Sorrentino v. Bohbot Entm't & Media, Inc., 697 NYS2d 263 (1st Dept. 1999) (*plaintiff's actions in encouraging co-employee to bring her sexual harassment claims to company, and his subsequent statements relaying what he knew of the claims during company's internal investigation of the same, constituted "opposition" to practices forbidden by NYS and NYC Human Rights Laws, and thus were protected from retaliatory employment practices*); Gallo v. Alitalia-Linee Aeree Italiane-Societa per Azioni, 585 F. Supp. 2d 520, 542 (SDNY 2008)(*denying summary judgment of retaliation claim where evidence showed consultant supported employees who were victims of discrimination and complained about supervisor's discriminatory conduct.*)   So too at bar.

**Conclusion:**

Based upon the foregoing, it is respectfully requested that the Court deny Defendants request for permission to Move to Dismiss Plaintiff's Complaint.

Thank you very much for your consideration.

Respectfully submitted,

Martha M. McBrayer

MMM:cd

cc: Justin M. Sher, Esq.
Mark Cuccaro, Esq.
Sher Tremonte LLP
80 Broad Street, Suite 1301
New York, New York 10004
ATTORNEYS FOR DEFENDANTS