

September 4, 2015

**VIA FACSIMILE (212) 805-7986**
The Honorable Judge Paul G. Gardephe
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

**Re: Weiss v. NYG Capital, LLC, *et al.*
Docket No.: 14-CV-8743 (PGG)**

Dear Judge Gardephe:

  We represent Plaintiff Yonatan Weiss in his retaliation case against his former employers, NYGG, FNL Media and Benjamin Wey.

  We write in response to Your Honor's Order dated August 25, 2015, directing the parties to submit letter briefs on the issue of whether this Court continues to have subject matter jurisdiction and/or should exercise supplemental jurisdiction over the New York State and New York City law claims (the "August 25 Order"). The August 25 Order further directed that, in the event that a party contends the State and City law claims should be dismissed, that party should brief the question of whether the dismissal should be with or without prejudice.

  The August 25 Order further stated that Plaintiff may file a Notice of Voluntary Dismissal declaring that Plaintiff's Title VII claim is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). On August 28, 2015, Plaintiff's Notice of Voluntary Dismissal as to the Title VII Retaliation claim was So Ordered by the Court. Importantly, Plaintiff only requested the Title VII claim be dismissed after having an opportunity to review Defendants' motion to dismiss. After reviewing the motion to dismiss, Plaintiff recognized it would be

difficult to defeat and instead chose to voluntarily dismiss the Title VII claim.[1]

With the dismissal of the Title VII claim, Plaintiff's only federal claim, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them *without* prejudice. A plaintiff is the master of his claims, and, accordingly, may avoid federal jurisdiction by exclusive reliance on state law. *See Singh v. Prudential Ins. Co. of Am.*, 200 F. Supp. 2d 193, 198 (E.D.N.Y. 2002) (citations omitted). The governing statute, 28 U.S.C. § 1367(c)(3), permits a district court, in its discretion, to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all federal claims. *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998); *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006).

In determining whether a removed civil action should be remanded due to lack of subject matter jurisdiction, any doubt should be resolved in favor of remand. *See St. Francis Hosp. & Med. Ctr. v. Blue Cross & Blue Shield of Connecticut, Inc.*, 776 F. Supp. 659, 661 (D. Conn. 1991); *Singh*, 200 F. Supp. at 198 (remanding the action because plaintiff had dropped her federal claims); *Sensis Corp. v. C Speed, LLC*, 2008 WL 5423276, at *4 (N.D.N.Y. 2008) (remanding action because plaintiff dropped federal cause of action); *see also* 28 U.S.C.A. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added).

Accordingly, the Court should exercise its discretion to remand the instant case. *See e.g., Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 316 (4th Cir. 2001) ("[I]n a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court." (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). In exercising its discretion, the Court should weigh the factors of judicial economy, convenience, fairness, and comity. *Cohill*, 484 U.S. at 351, 108 S.Ct. 614. Although the Court may take into consideration a plaintiff's motive in dropping federal claims, there is no *per se* prohibition against dropping federal claims in order to avoid federal jurisdiction. *Cohill*, 484 U.S. at 357, 108 S.Ct. 614 ("[The concern regarding forum manipulation] hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case."); *Singh*, 200 F. Supp. at 199; *accord Certilman v. Becker*, 807 F.Supp. 307, 309–10 (S.D.N.Y. 1992) (remand of removed case was not precluded on basis that plaintiffs had strategically dropped federal claim from the complaint for sole purpose of retaining state forum; pleadings were amended early in litigation with no prejudice to defendants, and remand to state court would merely effectuate plaintiffs' original

---

[1] As acknowledged by the Defendants, Plaintiff first requested that Defendants stipulate to a voluntary dismissal of the Title VII claim prior to making a request to the Court to voluntarily dismiss the claim.



morelli ratner
LAW FIRM

choice of state forum).

Typically, the "balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F. Supp. 2d 513, 520 (D. Md. 2006) (citing *Cohill*, 484 U.S. at 350 n. 7, 108 S.Ct 614); *Tops Markets, Inc.*, 142 F.3d at 103 ("[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them *without* prejudice." (emphasis in original).

In *Cohill*, the Court ruled that a district court has discretion to remand a properly removed action when all federal law claims in the action have been eliminated and only pendent state law claims remain. *Cohill*, 484 U.S. at 359. Although the judicial doctrine of pendent jurisdiction has been supplanted by the supplemental jurisdiction statute, the rule stated in *Cohill* is still applied to cases in which the federal court declines to exercise supplemental jurisdiction over state-law claims. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305–06 (2d Cir. 2003) (district court's exercise of supplemental jurisdiction over state-law claims after it had dismissed all federal claims was abuse of discretion); *Teichner v. PaineWebber Inc.*, Fed. Sec. L. Rep. (CCH) P 99513, 1997 WL 328069, at *3 (S.D.N.Y. 1997). Since *Cohill*, the Second Circuit has only upheld decisions in which district courts exercised their discretion to hear state law claims after dismissal of federal claims under "extraordinary circumstances" not present here. *See Jones v. Mega Fitness, Inc.*, No. 94CIV.8393(LAK)(RLE), 1996 WL 348206, at *1 (S.D.N.Y. June 21, 1996) (citations omitted) (after dismissal of plaintiffs Title VII claim, court declined to retain [supplemental] jurisdiction over state-law claims and dismissed claims *without prejudice* to allow plaintiff to refile claims in state court).

Here, the Court should exercise its discretion and decline to exercise supplemental jurisdiction over remaining state-law claims. The only relationship the Court has had with this matter consists of analyzing the removal and remand issues. The parties have not engaged in any discovery and there has not been any attempt at resolution on the merits. In fact, Defendants have yet to answer the complaint and no Court conferences have been held. *See Certilman*, 807 F.Supp. at 310. The Court, therefore, has not yet expended substantial federal resources on this case. Moreover, as the state court and this Court are both located in New York County, it will not inconvenience the parties to litigate this action in state court. There is also no reason for this Court to retain jurisdiction over state-law claims that the state court is more suited to hear. *See Shilling*, 423 F. Supp. 2d at 520-21.

Accordingly, with no Federal claims remaining at this early point in the litigation, this Court no longer has subject matter jurisdiction and should decline to exercise supplemental jurisdiction over the remaining state law claims. "In a case such as this where no federal-law claims remain and judicial economy, convenience and fairness do not demand that the district court hear pendant claims, it is appropriate for the district court to remand the case back to state



morelli ratner
LAW FIRM

court." *Certilman*, 807 F.Supp. at 311 (citation omitted).

Plaintiff's remaining state-law claims should be dismissed *without prejudice* so that the parties are afforded the opportunity to litigate the case on the merits in state court. If this Court were to exercise supplemental jurisdiction over the state-law claims, those claims would be litigated on the merits. Plaintiff should be afforded the same right on remand to state court.[2]

Therefore, Plaintiff's remaining causes of action should be dismissed *without prejudice* and the case should be remanded to state court. *See Tops Markets, Inc.*, 142 F.3d at 103; *7 W. 57th St. Realty Co., LLC v. Citigroup, Inc.*, No. 13 CIV. 981 PGG, 2015 WL 1514539, at *30 (S.D.N.Y. Mar. 31, 2015) (Gardephe, J.) (declining to exercise supplemental jurisdiction over remaining state law claims and dismissing those claims without prejudice); *U.S. ex rel. Bilotta v. Novartis Pharm. Corp.*, 50 F. Supp. 3d 497, 552 (S.D.N.Y. 2014) (Gardephe, J.) (same); *McClanahan v. Kelly*, No. 12 CIV. 6326 PGG, 2014 WL 1317612, at *7 (S.D.N.Y. Mar. 31, 2014) (Gardephe, J.) (same).

Thank you for your consideration.

Respectfully submitted,

David S. Ratner, Esq.

cc: Glenn Colton, Esq. (via e-mail)
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-10089
(212) 398-5797
glenn.colton@dentons.com

---

[2] In the unlikely event that the Court decides the state-law claims should be dismissed with prejudice, Plaintiff requests the Court exercise supplemental jurisdiction over the state-law claims and keep the case in federal court.



morelli ratner
LAW FIRM