UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YONATAN WEISS,

                Plaintiff,

      - against -

NYG CAPITAL LLC, ET AL.,

                Defendants.

**ORDER**

14 Civ. 8743 (PGG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/15

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Yonatan Weiss brings this action against Defendants NYG Capital LLC d/b/a New York Global Group ("New York Global Group"), FNL Media LLC ("FNL Media"), and Benjamin Wey. In the Amended Complaint, Plaintiff asserts causes of action for (1) retaliation under Title VII; (2) retaliation under the New York State Human Rights Law ("NYSHRL"); and (3) retaliation under the New York City Human Rights Law ("NYCHRL"). (Am. Cmplt. (Dkt. No. 4))

        On August 14, 2015, Plaintiff filed a letter requesting that the Court "issue an Order dismissing the Plaintiff's Title VII cause of action only." See Dkt. No. 19 at 1. Plaintiff asserts that "[t]his Order will deprive the Court of subject matter jurisdiction," and "[t]herefore Plaintiff's remaining causes of action should be dismissed without prejudice on those grounds." (Id. at 1-2 (emphasis in original)) On August 25, 2015, this Court endorsed Plaintiff's letter as follows:

> Plaintiff may file a notice of voluntary dismissal – stating that the Title VII claim is dismissed with prejudice – pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). . . . If the notice of voluntary dismissal is filed by Aug[ust] 28, 2015, the parties will submit letter briefs – by Sept[ember] 4, 2015 – on the issue of whether this Court continues to have subject matter jurisdiction and/or should exercise supplemental jurisdiction over the New York State and New York City law claims. In the event

that a party contends that the State and City law claims should be dismissed, that
party will brief the question of whether the dismissal should be with or without
prejudice.

(Id. at 1)

On August 28, 2015, Plaintiff voluntarily dismissed his Title VII retaliation claim – with prejudice – against all Defendants, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Dkt. No. 23) On September 4, 2015, Plaintiff filed a letter arguing that "the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them <u>without</u> prejudice."[1] (Dkt. No. 24 at 2 (emphasis in original)) That same day, Defendants filed a letter stating that they "do not object to dismissal of plaintiff's state law claims for lack of subject matter jurisdiction." (Dkt. No. 26 at 1) They stated that they "write solely to make sure the record is clear that Defendants' lack of objection to dismissal for lack of subject matter jurisdiction is done with an express preservation of their rights to seek relief from any future forum in which Plaintiff may file regarding Plaintiff's forum hopping and forum shopping." (Id.)

"[U]nder 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." Schaefer v. Town of Victor, 457 F.3d 188, 210 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[W]hen all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining state law claims and dismissing them without prejudice." Tops Mkts., Inc. v.

---

[1] Plaintiff also argues that "the Court should exercise its discretion to remand the instant case." (Dkt. No. 24 at 2) This case was not removed from state court, however; the Complaint was originally filed in this District. See Cmplt. (Dkt. No. 1). A district court only has the authority to remand a case when it was previously removed from state court. See 28 U.S.C. § 1447. Accordingly, Plaintiff's request that this case be remanded to state court is denied.

2

Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir.1998) (emphasis omitted) (citing Carnegie-Mellon Univ., 484 U.S. at 350). There is no reason to deviate from this rule here, given that Plaintiff requests – and Defendants do not object to – dismissal of Plaintiff's state law claims. Accordingly, the Court declines to exercise supplementary jurisdiction and will dismiss Plaintiff's NYSHRL and NYCHRL claims without prejudice.

## **CONCLUSION**

For the reasons stated above, Plaintiff's claims under the New York State and New York City Human Rights Laws are dismissed without prejudice. The Clerk of the Court is directed to close this case.

Dated: New York, New York
September 8, 2015

SO ORDERED.

*Paul A. Gardephe*
Paul G. Gardephe
United States District Judge